UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF                                                    CASE NUMBER:  **04-11893**

**CLINTON ELLIS JR.**
**MARY C. ELLIS**

DEBTORS                                                             ADV. NO.  **04-1159**

**HOUSEHOLD FINANCE CORPORATION, II**          CHAPTER 13

                PLAINTIFF
VERSUS

**CLINTON ELLIS, JR. and MARY C. ELLIS,**
**AND ANNETTE CRAWFORD, CHAPTER 13 TRUSTEE**

                DEFENDANTS

**MEMORANDUM OPINION**

Household Finance Corporation, II ("Household") sought summary judgment on its complaint for a declaration of the validity, priority and extent of its lien. Specifically, Household contends that it holds a mortgage on both immovable property that is the principal residence of the debtors, Clinton Ellis Jr. and Mary Ellis (the "debtors"), and a manufactured home situated on that property. Household as a result contends that its claim is protected from modification by 11 U.S.C. §1322(b)(2).[1] Household also seeks to have the mortgage reformed pursuant to Louisiana law to reflect the alleged intention of the parties that its mortgage note also was secured by the debtors' manufactured home, and not solely by the unimproved land, as the debtors have indicated in the chapter 13 plan.

---

[1] Bankruptcy Code §1322(b)(2) provides that "the plan may --- (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence…."

The chapter 13 trustee answered the complaint, but did not oppose the motion for summary judgment. The debtors neither answered the complaint, nor opposed the motion.

The Court will grant the Motion for Summary Judgment in part and declare that Household's claim is protected from modification by 11 U.S.C. §1322(b)(2). The Court denies Household's request to reform the mortgage.

## FACTS

On or about July 25, 2000, the debtors borrowed $42,000 from Irwin Mortgage Corporation ("Irwin"), secured by a mortgage[2] on immovable property at 3036 Mt. Olive Church Road in Donaldsonville, Louisiana.[3] The mortgage was timely filed and recorded in the records of the Ascension Parish Clerk of Court. It contained a commitment that the debtors would occupy and use the property as their principal place of residence within 60 days, and for at least one year after the date of occupancy, unless the lender agreed otherwise or extenuating circumstances existed. Mortgage, paragraph 6. The debtors also signed an occupancy agreement with similar undertakings.[4] Irwin later assigned the note and mortgage to Household.

On the same day they made the mortgage loan, the Ellises bought a 1996 mobile home. No documents establish the existence of a lien in Household's favor on the mobile home,[5] and no party submitted documents supporting a finding that the home was

---

[2] Plaintiff's Ex. A & B. For reasons not made clear by Household, the promissory note and mortgage documents identify the co-debtor as Mary T. Ellis.

[3] Plaintiff's Ex. B, paragraph 6.

[4] Plaintiff's Ex. C.

[5] The trustee's answer to the complaint notes that Green Tree, which Household did not name as a party in its complaint, holds a mortgage lien on the mobile home.

immobilized pursuant to the Louisiana Manufactured Home Property Act, La. R.S. 9:1149.1 *et seq.*, and in particular La. R.S. 9:1149.4, so that it became part of the immovable property and thereby subject to Household's mortgage.

On June 10, 2004, the debtors petitioned for relief under chapter 13 of the Bankruptcy Code. The debtors' Third Amended Chapter 13 Plan filed November 17, 2004 treated Household as a secured creditor. The plan proposed to modify the terms of Household's promissory note and mortgage by reducing the mortgage balance from approximately $43,853.11[6] to $23,600, and lowering the interest rate to 5%.[7] The plan recognized the unimproved land at 3036 Mt. Olive Church Road as collateral for this debt, but did not include the mobile home as Household's collateral. Household objected to confirmation of the plan, and filed a complaint to determine its lien rights.

## ANALYSIS

### I.   Household's Claim is Protected from Modification by 11 U.S.C. §1322(b)(2).

A chapter 13 plan may not modify the rights of a holder of a claim secured only by a security interest in real property used as the principal residence of the debtor. 11 U.S.C. §1322(b)(2). This anti-modification provision protects the holder of a secured claim on real property that is a debtor's residence from changes by the debtor that reduce or "strip down" the value of the holder's claim. *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993). Section 1322(b)(2) is an exception to the general rule that undersecured claims in bankruptcy are allowed only to the extent of the value of the creditor's interest in the estate's interest in the property. *Id.* at 331.

---

[6] Affidavit of Edward Belmonte of Household Finance Corporation II, para. 4.

[7] Third Amended Chapter 13 Plan, paragraph E.

To qualify for protection under the anti-modification provision of §1322 a creditor must satisfy a two prong test: (1) the subject property must be real estate and (2) the subject property must be the debtor's principal residence. *In re Johnson*, 269 B.R. 246, 248 (Bankr. M.D. Ala. 2001).

There is no dispute that Household's mortgage encumbers the debtors' immovable property, which is real estate within the meaning of 11 U.S.C. §1322(b)(2), and therefore satisfies the first aspect of this test. The promissory note and the mortgage both describe the subject property as real property at 3036 Mt. Olive Church Road, Donaldsonville, Louisiana, and the mortgage was properly recorded.[8] La. Civ. Code art. 3320.[9]

The subject property also satisfies the second branch of the test, as there is no dispute that the debtors occupy the property (actually, a manufactured home on the property) as their principal place of residence.[10] Therefore, Household's claim against the debtors is secured by property that is their principal residence, and Bankruptcy Code §1322 bars modification of the Household obligation. Accordingly, the debtors' plan cannot reduce the principal balance of Household's claim, or change the interest rate on the debt.

## II. The Court Will Not Reform Household's Contract to Include a Security Interest in the Debtors' Manufactured Home

Household also seeks to have its promissory note and mortgage reformed to include the debtors' manufactured home as collateral for Household's claim. Household

---

[8] Plaintiff's Ex. A & B.

[9] La. Civ. Code art. 3320(A) provides that "A mortgage, privilege, or other encumbrance is given the effect of recordation when it is filed with the recorder of mortgages."

[10] Plaintiff's Ex. B (paragraph 6) & C.

necessarily concedes that the only lien in its favor appearing in the public record is the mortgage on the debtor's immovable property.

In order for the manufactured home to have been incorporated into the immovable property that is subject to Household's mortgage, the manufactured home must have been immobilized, absent which it remained movable property. La. R.S. 9:1149.3. Section 1149.4 of the Louisiana Manufactured Home Property Act establishes the methods for immobilization of manufactured homes.[11] It provides in part:

> A manufactured home placed upon a lot or tract of land shall be an immovable when there is recorded in the appropriate conveyance or mortgage records of the parish where the said lot or tract of land is situated an authentic act or a validly executed and acknowledged sale or mortgage or sale with mortgage which contains a description of the manufactured home as described in the certificate of title or manufacturer's certificate of origin and a description of the lot or tract of land upon which the manufactured home is placed, and contains a declaration by the owner of the manufactured home, when applicable, the holder of a mortgage or security interest under Chapter 9 of the Louisiana Commercial Laws on the manufactured home, that it shall remain permanently attached to the lot or tract of land described in the instrument.

La. R.S. 9:1149.4(A).

Because Household has not shown that the debtors' manufactured home was immobilized in the exclusive manner provided by La. R.S. 9:1149.4(A), Household is not entitled to a declaration that its mortgage applies to the debtors' mobile home.

---

[11] La. R.S. 9:1149.3 provides in relevant part that "Except as otherwise provided in R.S. 9:1149.4, when any manufactured home shall be moved to or located in or upon any immovable property … in a manner which, under any law, might make the manufactured home immovable or component part thereof, the manufactured home shall be and will remain movable…."

### III.     Household is not Entitled to Reformation of its Note and Mortgage

Contract reformation is an equitable remedy used to correct mistakes or errors in written instruments when they do not express the true intentions of the parties. *Agurs v. Holt*, 95 So.2d 644 (1957). The party seeking reformation has the burden of establishing mutual error or mistake by clear and convincing evidence. *Waller v. Colvin*, 92 So. 328 (1922).

The debtors represented in the documents they signed when they made the Household loan that the property being offered as collateral for the loan was to be used as their principal residence. No one disputes that the debtors live on that property, albeit in a mobile home.

Household offered absolutely no evidence to support the conclusion that the debtors intended to grant a lien on the mobile home to Household's predecessor, or that there was any mistake or error that caused these instruments to misrepresent the intentions of either party. Because the language of the instruments is unambiguous and Household has offered no evidence of a mistake or error, it is not entitled to the equitable remedy of reformation.

Moreover, rights of creditors with liens on property of parties filing bankruptcy are fixed, with few exceptions, at the date of bankruptcy. Even if both the debtors and Household intended that Household have a lien on the mobile home, reforming the mortgage to include the mobile home as security for Household's debt essentially would enhance Household's position in the estate's assets from the position it enjoyed at the date of bankruptcy. That result is contrary to the policies underlying the Bankruptcy Code.

## CONCLUSION

Household holds a claim against the debtors that is secured by immovable property that comprises the debtors' principal residence. Accordingly, the debtors may not modify the terms of Household's debt through their chapter 13 plan. 11 U.S.C. §1322(b)(2).

Additionally, Household's claim is not secured by the manufactured home that occupies the property, and Household is not entitled to the equitable remedy of reformation to incorporate the mobile home into its collateral package.

Baton Rouge, Louisiana, May 10, 2005.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE